TORRES, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Sale.

No. 397.—Decided December 17, 1918.

POWER OF ATTORNEY—ALIENATION OF REAL PROPERTY—COMMUNITY PROPERTY—RECORD OF TITLE.—In the first paragraph of the power of attorney the wife authorized the husband "to exercise the power in connection with the principal's separate property and the community property of both, as follows: * * *." In the sixth clause he was authorized "to sell, with or without conditions, the rural and urban properties now belonging to the undersigned, as well as those which she may acquire in the future." A copy of a deed of sale of real property executed by the husband in his own right and as representative of his wife having been presented for record, the registrar denied its admission to record because "it does not appear that said husband is empowered to sell the real property belonging to the conjugal partnership." *Held:* That although the wording of the sixth clause of the power of attorney gives rise to some doubt, such doubt disappears when the said clause is interpreted in relation to the first paragraph of the power of attorney.

ID.—ID.—ID.—CURABLE DEFECT—CERTIFICATE OF MARRIAGE.—When the name of the spouse at the time of the acquisition of the property sold is not shown in the registry, the omission constitutes a curable defect which may be cured by presenting in the registry a certified copy of the marriage certificate.

The facts are stated in the opinion.
*Mr. Rafael Arce* for the appellant.
The respondent appeared by brief.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Juan Ramírez Muñoz, for himself and in representation of his wife, Guadalupe Hernández Ramos, appeared before a notary public and sold a rural property to Ceferino Torres Santana. The deed of sale having been presented in the registry, the registrar refused to record it for the reasons stated in the following decision:

"The above instrument, Deed No. 162 executed before Notary Rafael Arce in Caguas on September 26 of this year, is denied admission to record and in lieu thereof a cautionary notice is entered for the statutory period in favor of Ceferino Torres Santana on the reverse side of page 218 of Volume 19 of Aguas Buenas, property No. 790 in triplicate, entry letter 'A,' for the following reasons: It appears that Ramírez Muñoz sells this property as belonging to the conjugal partnership composed of himself and his wife, Guadalupe Hernández Ramos, and from the power of attorney given to him by his said wife by Deed No. 208 executed in Caguas on October 30 of last year before Notary Rafael Arce Rollet, which has been exhibited, it does not appear that the said husband was empowered to sell real property belonging to the said conjugal partnership. The curable defect is assigned that since the civil status of Ramírez Muñoz when he acquired this property is not shown in the registry, there is no proof that if he were married at the time of such acquisition it was to his present wife, Guadalupe Hernández Ramos."

The purchaser took the present administrative appeal from that decision. The following paragraphs from the power of attorney given to the vendor by his wife are copied into the deed of sale and the decision of the question under consideration really rests upon them:

"That she grants full power and with the  *  *  *  necessary legal effect to her lawful husband, Juan Ramírez Muñoz, of age, landowner and also a resident of Gurabo, so that he may exercise the power in connection with the principal's separate property and the community property of both, as follows:  *  *  *

"Sixth.—To sell, with or without conditions, the rural and urban properties now belonging to the undersigned, as well as those which she may acquire in the future, for such prices as he may deem most advantageous.  *  *  *

If the notary had drawn up the sixth clause of the power as clearly as he did the first of the paragraphs transcribed, there would be no doubt of any kind. However, we are of the opinion that the power is sufficient as it is. The first paragraph describes the nature of the properties to which the power applies; namely, the wife's separate property and the community property, and although the words in the sixth clause, "now belonging to the undersigned," give rise to some doubt, such doubt disappears when it is considered that the said words, construed in the light of the first paragraph, should be deemed general and to embrace all properties, *i. e.,* properties belonging to the wife exclusively, or in part as community property. The power of attorney as a whole, which was also presented in the registry, strengthens the conclusion reached.

The curable defect exists according to the jurisprudence laid down in the case of *Ortiz* v. *Registrar,* 23 P. R. R. 652.

In view of the foregoing the decision should be reversed and the record ordered, subject to the said curable defect.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.